IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILTON FAISON, #Y45888,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-01159-SMY |
| | ) |
| **DEANNA M. BROOKHART, and** | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **CORRECTIONS,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Milton Faison, an inmate in the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging a deprivation of his constitutional rights at Lawrence Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff arrived at Lawrence Correctional Center on July 1, 2021. Shortly thereafter, he asked Warden Brookhart why he was being punished. Warden Brookhart told him that due to his prior behavior, she wanted to see how he would act. He was not given a valid reason why he was being "segregated" and deprived of activities such as school and work. Plaintiff has no history of disciplinary issues in Illinois prisons and is being unfairly punished for his behavior in other states. Plaintiff seeks monetary damages.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:[1]

> Count 1: Fourteenth Amendment due process claim against Warden Brookhart and IDOC for segregating Plaintiff and depriving him of activities such as school and work when he has no history of disciplinary issues in Illinois prisons.

## **Discussion**

As a preliminary matter, IDOC is not a proper defendant because "a state and its agencies are not suable 'persons' within the meaning of section 1983." *Thomas v. Ill.,* 697 F. 3d 612, 613 (7th Cir. 2012). IDOC will therefore be dismissed with prejudice.

Plaintiff asserts a Fourteenth Amendment due process claim for being "segregated" and deprived of activities such as work and school. But a prisoner has no liberty interest in confinement in the general prison population. *See, Williams v. Ramos*, 71 F.3d 1246, 1248-49 (7th Cir.1995). Rather, a liberty interest exists if prison officials restrain the freedom of inmates in a manner that, "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Moreover, allegations that an inmate in segregation was not permitted to take classes, use the gym, work, access the day room, or take programs offered to inmates in the general population and protective custody have been found insufficient to implicate a liberty interest. See, *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997).

It is unclear whether Plaintiff is in administrative segregation, disciplinary segregation, or is otherwise "segregated." He does not describe the conditions of his confinement other than to state he has been deprived of activities such as school and work. Based on his incarceration date

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

2

and the date the Complaint was filed, he had been "segregated" for less than 90 days, which is not sufficient to implicate a liberty interest. *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005).

For the above-stated reasons, Plaintiff fails to state a colorable due process claim. Accordingly, Count 1 will be dismissed without prejudice. Plaintiff will be granted leave to file a First Amended Complaint to provide additional facts to support his claim.

## Disposition

IDOC is **DISMISSED with prejudice**; the Clerk of Court is **DIRECTED** to **TERMINATE** it as a party. The Complaint is **DISMISSED without prejudice** for failure to state a claim.

Plaintiff is **GRANTED** leave to file a First Amended Complaint by March 25, 2022. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 21-1159). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

(7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should attach any exhibits that he wishes to submit with the First Amended Complaint.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 23, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**